CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
POONYA AUP PAPHAT WORRAPONG
A/K/A PAUL, *individually and on behalf of*
*others similarly situated,*

|  |  |
|---|---|
| *Plaintiff*, | **COMPLAINT** |
| -against- | **COLLECTIVE ACTION UNDER**<br>**29 U.S.C. § 216(b)** |
| 116 WEST HOUSTON CHEFSCAPE NYC<br>LLC  (D/B/A THAIMEE LOVE) and HONG<br>THAIMEE A/K/A NGAMPROM THAIMEE, | **ECF Case** |
| *Defendants.* |  |

-------------------------------------------------------X

Plaintiff Poonya Aup Paphat Worrapong a/k/a Paul ("Plaintiff Paphat" or "Mr. Paphat"),

individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal,

P.C., upon his knowledge and belief, and as against 116 West Houston Chefscape NYC LLC (d/b/a

Thaimee Love ), ("Defendant Corporation") and Hong Thaimee a/k/a Ngamprom Thaimee,

("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## <u>NATURE OF ACTION</u>

1.      Plaintiff Paphat is a former employee of Defendants 116 West Houston Chefscape

NYC LLC (d/b/a Thaimee Love) and Hong Thaimee a/k/a Ngamprom Thaimee.

2.       Defendants own, operate, or control a Thai, located at 116 W Houston Street, New

York, NY 10012 under the name "Thaimee Love ".

3.      Upon information and belief, individual Defendant Hong Thaimee, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Paphat was employed as a cook and server at the restaurant located at 116 W Houston Street, New York, NY 10012.

5.      Plaintiff Paphat was ostensibly employed as a server. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to working as a chef for the majority of his shift (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Paphat worked for Defendants in excess of 40 hours per week, without an appropriate minimum wage, overtime, and spread of hours compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Paphat appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

8.      Further, Defendants failed to pay Plaintiff Paphat the required "spread of hours" pay for any day in which he had to work over 10 hours a day.

9.      Furthermore, Defendants failed to pay Plaintiff Paphat wages on a timely basis.

10.     In this regard, Defendants have failed to provide timely wages to Plaintiff Paphat Defendants employed and accounted for Plaintiff Paphat as a server in their payroll, but in actuality, his duties required a significant amount of time spent performing the non-tipped duties alleged above.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Paphat's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day. 12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Paphat's actual duties in payroll records by designating him as a server instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Paphat at the minimum wage rate and enabled them to pay him above the tip-credit rate, but below the minimum wage.

13.     In addition, upon information and belief, Defendants maintained a policy and practice of unlawfully appropriating Plaintiff Paphat's and other tipped employees' tips and made unlawful deductions from Plaintiff Paphat's and other tipped employees' wages.

14.     Defendants' conduct extended beyond Plaintiff Paphat to all other similarly situated employees.

15.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Paphat and other employees to work in excess of forty (40) hours per week without providing the minimum wage and overtime compensation required by federal and state law and regulations.

16.     Plaintiff Paphat now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum and overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq.* and 650 *et seq.* (the "NYLL"), and the "spread of hours" and overtime wage orders of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. tit. 12, § 146-1.6 (herein

the "Spread of Hours Wage Order"), including applicable liquidated damages, interest, attorneys' fees, and costs.

17.     Plaintiff Paphat seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

18.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Paphat's state law claims under 28 U.S.C. § 1367(a).

19.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a Thai located in this district. Further, Plaintiff Paphat was employed by Defendants in this district.

## PARTIES

*Plaintiff*

20.     Plaintiff Poonya Aup Paphat Worrapong a/k/a Paul ("Plaintiff Paphat" or "Mr. Paphat") is an adult individual residing in Queens County, New York.

21.     Plaintiff Paphat was employed by Defendants at 116 West Houston Chefscape NYC LLC (d/b/a Thaimee Love) from approximately June 8, 2022, until on or about October 2, 2022.

22.     Plaintiff Paphat consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

23.     At all relevant times, Defendants owned, operated, or controlled a Thai Restaurant, located at 116 W Houston Street, New York, NY 10012, under the name "Thaimee Love".

24.     Upon information and belief, 116 West Houston Chefscape NYC LLC (d/b/a Thaimee Love) was a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 116 W Houston Street, New York, NY 10012.

25.     Defendant Hong Thaimee a/k/a Ngamprom Thaimee is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Hong Thaimee a/k/a Ngamprom Thaimee is sued individually in her capacity as owner, officer, and/or agent of Defendant Corporation. Defendant Hong Thaimee a/k/a Ngamprom Thaimee possessed operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controlled significant functions of Defendant Corporation. She determined the wages and compensation of the employees of Defendants, including Plaintiff Paphat, established the schedules of the employees, maintained employee records, and had the authority to hire and fire employees.

## **FACTUAL ALLEGATIONS**

*Defendants Constitute Joint Employers*

26.     Defendants operate a Thai restaurant located in a neighborhood in Manhattan.

27.     Individual Defendant, Hong Thaimee a/k/a Ngamprom Thaimee, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Paphat's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Paphat, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Paphat (and all similarly situated employees) and are Plaintiff Paphat's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Paphat and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendant Hong Thaimee a/k/a Ngamprom Thaimee operates Defendant Corporation as either an alter ego of herself and/or failed to operate Defendant Corporation as an entity legally separate and apart from herself, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for her own benefit as the sole or majority shareholder,

e)  operating Defendant Corporation for her own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of her own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect her own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.  At all relevant times, Defendants were Plaintiff Paphat's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Paphat, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Paphat's services.

34.  During 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.  In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.  Plaintiff Paphat is a former employee of Defendants who ostensibly was employed as a server. However, he spent over 20% of each shift performing the non-tipped duties described above.

37.  Plaintiff Paphat seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Poonya Aup Paphat Worrapong a/k/a Paul*

38.    Plaintiff Paphat was employed by Defendants from approximately June 8, 2022, until on or about October 2, 2022.

39.    Defendants ostensibly employed Plaintiff Paphat as a server.

40.    However, Plaintiff Paphat was also required to spend a significant portion of his workday performing the non-tipped duties described above.

41.    Plaintiff Paphat regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

42.    Plaintiff Paphat's work duties required neither discretion nor independent judgment.

43.    Throughout his employment with Defendants, Plaintiff Paphat regularly worked in excess of 40 hours per week.

44.    From approximately June 8, 2022, until on or about June 22, 2022, Plaintiff Paphat worked as a server from approximately 12:00 p.m. until on or about 10:00 p.m., Wednesday through Sunday (typically 50 hours per week).

45.    From approximately June 23, 2022, until on or about July 8, 2022, Plaintiff Paphat worked as a server from approximately 3:30 p.m. to 4:00 p.m. until on or about 12:30 a.m. to 1:00 a.m., Wednesday through Friday, and from approximately 11:30 a.m. to 12:00 p.m. until on or about 12:30 a.m. to 1:00 a.m., Saturday and Sunday (typically 55.50 hours per week).

46.    From approximately July 9, 2022 until on or about October 2, 2022, Plaintiff Paphat worked as a cook and a server from approximately 3:30 p.m. to 4:00 p.m. until on or about 12:30 a.m. to 1:00 a.m., Wednesday through Friday, and from approximately 11:30 a.m. to 12:00 p.m. until on or about 12:30 a.m. to 1:00 a.m., Saturday and Sunday (typically 55.50 hours per week).

47.    Throughout his employment, Defendants paid Plaintiff Paphat his wages by PayPal and Venmo.

48.     From approximately June 8, 2022 until on or about October 2, 2022, Defendants paid Plaintiff Paphat $10.00 per hour.

49.     For approximately 7 weeks, Defendants did not pay Plaintiff Paphat any wages for his work.

50.     Defendants never granted Plaintiff Paphat any breaks or meal periods of any kind.

51.     Plaintiff Paphat was never notified by Defendants that his tips were being included as an offset for wages.

52.     Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Paphat's wages.

53.     Upon information and belief, Defendants withheld a portion of Plaintiff Paphat's tips; specifically, Defendants pocketed a portion of all cash tips.

54.     Although Plaintiff Paphat was required to keep track of his time, Defendants had the power to modify the hours the employees worked and to clock in and out for him, to make it seem that Plaintiff did not work overtime. As a result, Plaintiff Paphat was not compensated for all of the hours that he worked.

55.     Defendants took improper and illegal deductions of Plaintiff Paphat's wages; specifically, Defendants deducted weekly wages for mistakes.

56.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Paphat regarding overtime and wages under the FLSA and NYLL.

57.     Defendants did not provide Plaintiff Paphat an accurate statement of wages, as required by NYLL 195(3).

58.     In fact, Defendants adjusted Plaintiff Paphat's paystubs so that they reflected inaccurate wages and hours worked.

59.     Defendants did not give any notice to Plaintiff Paphat, in English and in Thai (Plaintiff Paphat's primary language), of his rate of pay, employer's regular payday, and such other information as required by NYLL §195(1).

60.     Defendants required Plaintiff Paphat to purchase "tools of the trade" with his own funds—including kitchen tools and ingredients.

*Defendants' General Employment Practices*

61.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Paphat (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate minimum wage, spread of hours pay, and overtime compensation as required by federal and state laws.

62.     Plaintiff Paphat was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

63.     Defendants' pay practices resulted in Plaintiff Paphat not receiving payment for all his hours worked, and resulted in Plaintiff Paphat's effective rate of pay falling below the required minimum wage rate.

64.     Defendants required Plaintiff Paphat and all other servers to perform general non-tipped tasks in addition to their primary duties as servers.

65.      Plaintiff Paphat and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

66.     Plaintiff Paphat's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

67.      Plaintiff Paphat and all other tipped workers were paid at a rate that was below minimum wage by Defendants.

68.     However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Paphat's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

69.     New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

70.     In violation of federal and state law as codified above, Defendants classified Plaintiff Paphat and other tipped workers as tipped employees, and paid them at a rate that was below minimum wage when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

71.     Defendants failed to inform Plaintiff Paphat who received tips that Defendants intended to take a deduction against Plaintiff Paphat's earned wages for tip income, as required by the NYLL before any deduction may be taken.

72.     Defendants failed to inform Plaintiff Paphat who received tips, that his tips were being credited towards the payment of the minimum wage.

73.     Defendants failed to maintain a record of tips earned by Plaintiff Paphat who worked as a server for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Paphat worked.

74.     As part of its regular business practice, Defendants intentionally, willfully, and repeatedly harmed Plaintiff Paphat who received tips, by engaging in a pattern, practice, and/or policy of violating the FLSA and the NYLL. This policy and pattern or practice included depriving servers of a portion of the tips earned during the course of employment.

75.     Defendants unlawfully misappropriated charges purported to be gratuities received by tipped Plaintiffs, and other tipped employees, in violation of New York Labor Law § 196-d (2007).

76.     Under the FLSA and NYLL, in order to be eligible for a "tip credit," employers of tipped employees must either allow employees to keep all the tips that they receive or forgo the tip credit and pay them the full hourly minimum wage.

77.     Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

78.     Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

79.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Paphat (and similarly situated individuals) worked, and to avoid paying Plaintiff Paphat properly for his full hours worked.

80.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

81.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Paphat and other similarly situated former workers.

82.     Defendants failed to provide Plaintiff Paphat and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

83.     Defendants failed to provide Plaintiff Paphat and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

84.     Plaintiff Paphat brings his FLSA minimum wage, overtime compensation, and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b),

on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

85.     At all relevant times, Plaintiff Paphat and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage, overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA, and willfully failing to keep records under the FLSA.

86.     The claims of Plaintiff Paphat stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

### VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

87.     Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth herein.

88.     At all times relevant to this action, Defendants were Plaintiff Paphat's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Paphat (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

89.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

90.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

91.     Defendants failed to pay Plaintiff Paphat (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

92.     Defendants' failure to pay Plaintiff Paphat (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

93.     Plaintiff Paphat (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

94.     Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth herein.

95.     Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Paphat (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

96.     Defendants' failure to pay Plaintiff Paphat (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

97.     Plaintiff Paphat (and the FLSA Class members)were damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

98.     Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth herein.

99.      At all times relevant to this action, Defendants were Plaintiff Paphat's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651. Defendants had the power to hire and fire Plaintiff Paphat, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

100.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Paphat less than the minimum wage.

101.     Defendants' failure to pay Plaintiff Paphat the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

102.     Plaintiff Paphat was damaged in an amount to be determined at trial.

## FOURTH CAUSE OF ACTION

### VIOLATION OF THE OVERTIME PROVISIONS

### OF THE NEW YORK STATE LABOR LAW

103.      Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth herein.

104.     Defendants, in violation of N.Y. Lab. Law § 190 *et seq*., and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Paphat overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

105.     Defendants' failure to pay Plaintiff Paphat overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

106.     Plaintiff Paphat was damaged in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF THE SPREAD OF HOURS WAGE ORDER

OF THE NEW YORK COMMISSIONER OF LABOR

107.    Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth herein.

108.    Defendants failed to pay Plaintiff Paphat one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff Paphat's spread of hours exceeded ten hours in violation of NYLL §§ 650 *et seq*. and 12 N.Y.C.R.R. §§ 146-1.6.

109.    Defendants' failure to pay Plaintiff Paphat an additional hour's pay for each day Plaintiff Paphat's spread of hours exceeded ten hours was willful within the meaning of NYLL § 663.

110.    Plaintiff Paphat was damaged in an amount to be determined at trial.

## SIXTH CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

111.    Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth herein.

112.    Defendants failed to provide Plaintiff Paphat with a written notice, in English, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

113.     Defendants are liable to Plaintiff Paphat in the amount of $5,000, together with costs and attorneys' fees.

## SEVENTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

114.      Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth herein.

115.     With each payment of wages, Defendants failed to provide Plaintiff Paphat with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

116.     Defendants are liable to Plaintiff Paphat in the amount of $5,000, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

117.      Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth herein.

118.     Defendants required Plaintiff Paphat to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R.

§ 531.35; N.Y. Lab. Law §§ 193 and 198-b.

119.     Plaintiff Paphat was damaged in an amount to be determined at trial.

### NINTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM TIPS IN VIOLATION

### OF THE NEW YORK LABOR LAW

120.      Plaintiff Paphat repeats and realleges all paragraphs above as though fully set forth

herein.

121.     At all relevant times, Defendants were Plaintiff Paphat's employers within the

meaning of the N.Y. Lab. Law §§ 2 and 651.

122.     New York State Labor Law § 196-d prohibits any employer or his agents, including

owners and managers, from demanding or accepting, directly or indirectly, any part of the gratuities

received by an employee, or retaining any part of a gratuity, or any charge purported to be a gratuity,

for an employee.

123.     Defendants unlawfully misappropriated a portion of Plaintiff Paphat's tips that were

received from customers.

124.     Defendants knowingly and intentionally retained a portion of Plaintiff Paphat's tips

in violations of the NYLL and supporting Department of Labor Regulations.

125.     Plaintiff Paphat was damaged in an amount to be determined at trial.

### TENTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION

### OF THE NEW YORK LABOR LAW

126.     Plaintiff Paphat repeats and realleges all paragraphs above as though set forth fully

herein.

127.   At all relevant times, Defendants were Plaintiff Paphat's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

128.   Defendants made unlawful deductions from Plaintiff Paphat's wages; specifically, Defendants deducted money from Plaintiff Paphat's weekly wages for mistakes .

129.   The deductions made from Plaintiff Paphat's wages were not authorized or required by law.

130.   Through their knowing and intentional efforts to take unauthorized deductions from Plaintiff Paphat's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

131.   Plaintiff Paphat was damaged in an amount to be determined at trial.

## ELEVENTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

132.    Plaintiff Paphat repeats and realleges all paragraphs above as though set forth fully herein.

133.   Defendants did not pay Plaintiff Paphat on a regular weekly basis, in violation of NYLL §191.

134.   Defendants are liable to Plaintiff Paphat in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Paphat respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Paphat and the FLSA Class members;

(c)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Paphat and the FLSA Class members;

(d)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Paphat's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(e)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Paphat and the FLSA Class members;

(f)     Awarding Plaintiff Paphat and the FLSA Class members damages for the amount of unpaid minimum wage, overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(g)     Awarding Plaintiff Paphat and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage and overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(h)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Paphat;

(i)      Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Paphat;

(j)      Declaring that Defendants violated the spread-of-hours requirements of the NYLL and supporting regulations as to Plaintiff Paphat;

(k)      Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Paphat;

(l)      Awarding Plaintiff liquated damages in an amount equal to one hundred percent (100%) of the total amount of wages shown to be untimely, as well as reasonable attorneys' fees and costs, and pre-judgment and post-judgment interests pursuant to NYLL §191(1)(a), 198;

(m)      Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Paphat's compensation, hours, wages and any deductions or credits taken against wages;

(n)      Declaring that Defendants' violations of the provisions of the NYLL and spread of hours wage order were willful as to Plaintiff Paphat;

(o)      Awarding Plaintiff Paphat damages for the amount of unpaid minimum wage and overtime compensation, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable

(p)      Awarding Plaintiff Paphat damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(q)      Awarding Plaintiff Paphat liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage, overtime compensation, and spread of hours pay shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(r)     Awarding Plaintiff Paphat and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(s)      Awarding Plaintiff Paphat and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(t)     Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(u)     All such other and further relief as the Court deems just and proper.

## JURY DEMAND

 Plaintiff Paphat demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 21, 2023

CSM LEGAL, P.C

By: _____/s/ Catalina Sojo, Esq._____
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.

Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

catalina@csmlegal.com

December 13, 2022

BY HAND

TO:     Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:                    Poonya Aup Paphat Worrapong

Legal Representative / Abogado:        CSM Legal, P.C.

Signature / Firma:

Date / Fecha:              December 13, 2022